■ In the Matter of Madeline R. and Others, Children Alleged to be Neglected. Mila R., Respondent; Commissioner of Social Services of the City of New York, Appellant. [625

NYS2d 512] —Order Family Court, New York County (Judith B. Scheindlin, J.), entered September 1, 1994, which dismissed three petitions brought pursuant to Family Court Act article 10 alleging neglect on the part of the respondent, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a dispositional hearing before a different Judge of the Family Court.

To support a finding of neglect the petitioner was required to prove by a preponderance of the evidence that the physical, mental or emotional condition of these children was in imminent danger of becoming impaired due to this respondent's mental condition (Family Ct Act § 1046 [b] [i]; § 1012 [f] [i]). No showing of past or present harm to the children is necessary to support a finding of neglect (see, Matter of Millar, 40 AD2d 637, affd 35 NY2d 767). It has been held that proof of ongoing mental illness and the failure to follow through with aftercare medication, which results in a parent's inability to care for her children in the foreseeable future, is a sufficient basis for a finding of neglect (Matter of Naticia Q., 195 AD2d 616, 618).

In this case, the record demonstrates that the respondent, who had been diagnosed with chronic mental illness, failed to cooperate with her treatment plan. She missed hospital appointments and admitted that she did not take her medication. The expert testimony established that this respondent's noncompliance with her medication would subject her to further acute psychotic episodes, which would in turn threaten the safety and well being of the children. While the respondent was not experiencing one of these acute episodes at the time the petition was filed, the evidence demonstrated that her failure to continue treatment resulted in the deterioration of her condition (cf., Matter of Moises D., 128 AD2d 775). We find that the hearing court failed to give adequate weight to the testimony of a police officer who responded to respondent's brother's apartment, which established that respondent, when not taking the medication prescribed for her, exhibited extreme emotionally disturbed behavior and threatened to kill her children. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.