■ In the Matter of NAOMI S., a Child Alleged to be Neglected. HADAR S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. In the Matter of URIEL S., Respondent, v HADAR S., Appellant. [924 NYS2d 325]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about November 30, 2009, which, upon denial of respondent mother's application to dismiss the neglect petition pursuant to Family Court Act § 1051 (c) and a fact-finding determination that the mother neglected the subject child, among other things, released the subject child to the custody of nonrespondent father, and order, same court and Judge, entered on or about November 9, 2009, which, to the extent appealed from as limited by the briefs, awarded custody of the child to the father, unanimously affirmed, without costs. Appeal from orders, same court and Judge, entered on or about February 2, 2010 and February 16, 2010, which, respectively, to the extent appealed from as limited by the briefs, set forth a visitation schedule for respondent mother and certain travel and relocation conditions for petitioner father, unanimously dismissed, without costs, as taken from nonappealable orders. Order, same court and Judge, entered on or about April 8, 2010, granting respondent father's motion to dismiss the mother's petition to modify the visitation orders, unanimously affirmed, without costs.

A preponderance of the evidence supports Family Court's finding that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the

mother's long-standing history of mental illness and resistance to treatment (*see* Family Ct Act § 1046 [b] [i]; § 1012 [f] [i] [B]; *Matter of Madeline R.*, 214 AD2d 445 [1995]). The mother testified to multiple extended hospitalizations for mental illness and the record showed her lack of insight into her illness and her repeated relapses due to noncompliance with treatment and medication (*see Matter of Christopher R. [Lecrieg B.B.]*, 78 AD3d 586, 586-587 [2010]). Family Court also properly denied the mother's motion to dismiss the neglect petition pursuant to Family Court Act § 1051 (c), since the dangers the mother posed to the child had not passed and thus the court's continued aid was required (*cf. Matter of Eustace B. [Shondella M.]*, 76 AD3d 428, 428 [2010]).

The totality of the circumstances establish that the award of custody of the child to her father was in the best interests of the child and has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). The evidence at the consolidated hearing on the disposition of the neglect petition and the father's custody petition showed that the mother was incapable of caring for the child and continued to have a lack of insight about her illness, and that the child is doing well while living with her father.

Because the visitation orders were entered on consent, they are not appealable (*see Matter of Reilly v Reilly*, 49 AD3d 883, 884 [2008]).

Family Court properly dismissed, without a hearing, the mother's petition to modify the visitation orders. The mother failed to make an evidentiary showing of changed circumstances sufficient to warrant a hearing (*see Matter of Rodriguez v Hangartner*, 59 AD3d 630, 631 [2009]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.