(September 29, 2011)

█ In the Matter of NAOMI S., a Child Alleged to be Neglected. HADAR S., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. In the Matter of URIEL S., Respondent, v HADAR S., Appellant, et al., Respondent. [— NYS2d —]—

A preponderance of the evidence supports Family Court's finding that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the mother's long-standing history of mental illness and resistance to treatment (*see* Family Ct Act § 1046 [b] [i]; § 1012 [f] [i] [B]; *Matter of Madeline R.*, 214 AD2d 445 [1995]). The mother testified to multiple extended hospitalizations for mental illness, and the record showed her lack of insight into her illness and her repeated relapses due to noncompliance with treatment and medication (*see Matter of Christopher R. [Lecrieg B.B.]*, 78 AD3d 586, 586-587 [2010]). Family Court also properly denied the mother's motion to dismiss the neglect petition pursuant to Family Court Act § 1051 (c), since the dangers the mother posed to the child had not passed and thus the court's continued aid was required (*cf. Matter of Eustace B. [Shondella M.]*, 76 AD3d 428, 428 [2010]).

The totality of the circumstances establishes that the award of custody of the child to her father was in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). The evidence at the consolidated hearing on the disposition of the neglect petition and the father's custody petition showed that the mother was incapable of caring for the child and continued to have a lack of insight about her illness, and that the child is doing well while living with her father.

Because the February 2, 2010 visitation order was entered on consent, it is not appealable (*see Matter of Reilly v Reilly*, 49 AD3d 883, 884 [2008]). Family Court did not abuse its discretion when it entered the February 16, 2010 visitation order, modifying the February 2, 2010 order, which set forth travel and relocation conditions for petitioner father.

Family Court properly dismissed, without a hearing, the mother's petition to modify the visitation orders. The mother failed to make an evidentiary showing of changed circumstances sufficient to warrant a hearing (*see Matter of Rodriguez v Hangartner*, 59 AD3d 630, 631 [2009]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Freedman, Richter and Román, JJ.

---

The decision and order of this Court entered herein on May 19, 2011 (84 AD3d 608 [2011]) is hereby recalled and vacated (*see* 2011 NY Slip Op 85284[U] [2011] [decided simultaneously herewith]).