■ In the Matter of ROBERT D.C. BROWN, Respondent, v MELISSA BROWN, Appellant. (And Another Related Proceeding.) [931 NYS2d 764]—

McCarthy, J.

A 2007 order granted the parties joint legal custody of their two children (born in 2000 and 2002), with primary physical custody to respondent (hereinafter the mother) and visitation to petitioner (hereinafter the father). The father filed a petition seeking primary physical custody. The mother cross-petitioned seeking supervision of the father's visits. Family Court held a hearing, then granted the father's petition and dismissed the mother's cross petition. The mother appeals. We affirm.

Family Court's order is supported by a sound and substantial basis in the record. Evidence regarding the mother's forms of punishment, which partially led to an indicated report of inadequate guardianship, was sufficient to show a change of circumstances (*see Matter of Terry I. v Barbara H.*, 69 AD3d 1146, 1147 [2010]). The mother acknowledged that she put liquid dish soap in the children's mouths on multiple occasions to punish them. There was some proof that she or her boyfriend used enough soap to make bubbles flow from her son's mouth on one occasion. Rather than admit that this may not be appropriate, the mother testified that after speaking to a child protective

caseworker, she switched to a different type of soap; the caseworker testified that she instructed the mother not to use soap as punishment at all. Other forms of punishment that the mother used included making a child stand in the corner for hours at a time and refusing to allow her daughter to speak for at least several days, possibly an entire week, with a monetary penalty imposed for every word that was uttered. The mother was not very engaged with the children, neglected their dental care, drove them in her vehicle when she did not have a driver's license and caused them to be late for school because she overslept. Family Court considered these deficits in the mother's parenting abilities and weighed them against the father's strengths and weaknesses as a parent, finding that the children's best interests would be served by transferring physical custody to the father. Giving deference to that court's credibility determinations and factual findings, which are supported by the record, the decision to modify physical custody has a sound and substantial basis in the record (*see Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788, 790-791 [2010], *lv denied* 15 NY3d 713 [2010]).

Peters, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.