In the Matter of ANGELINA L.C. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL C., Respondent; PATRICIA H.-C., Appellant. (Proceeding No. 1.) In the Matter of ANTOINE C. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL C., Respondent; PATRICIA H.-C., Appellant. (Proceeding No. 2.) In the Matter of MICHAEL D.C., JR. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL C., Respondent; PATRICIA H.-C., Appellant. (Proceeding No. 3.) In the Matter of JAMES C. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL C., Respondent; PATRICIA H.-C., Appellant. (Proceeding No. 4.) In the Matter of EVELINA M.C. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL C., Respondent; PATRICIA H.-C., Appellant. (Proceeding No. 5.) In the Matter of MICHAEL C., Respondent, v EVELYN D., Respondent, and PATRICIA H.-C., Appel-

lant. (Proceeding Nos. 6-9.) In the Matter of MICHAEL C., Respondent, v PATRICIA H.-C., Appellant. (Proceeding No. 10.) In the Matter of PATRICIA H.-C., Appellant, v MICHAEL C., Respondent. (Proceeding Nos. 11-16.) [973 NYS2d 668]—

In related proceedings pursuant to Family Court Act articles 6 and 10, the mother appeals from an order of fact-finding (in connection with the proceedings pursuant to Family Ct Act art 6) and disposition (in connection with the proceedings pursuant to Family Ct Act arts 6 and 10) of the Family Court, Nassau County (Greenberg, J.), dated November 22, 2011, which, upon an order of fact-finding of the same court dated June 4, 2010, made in connection with the proceedings pursuant to Family Court Act article 10, finding that both she and the father neglected the child Angelina L.C., and derivatively neglected the children Antoine C., Michael D.C., Jr., James C., and Evelina M.C., and after a fact-finding and dispositional hearing on the petitions and cross petitions in the proceedings pursuant to Family Court Act article 6, which was conducted jointly with a dispositional hearing on the petitions in the proceeding pursuant to Family Court Act article 10, granted the father's petitions to modify an order of custody dated January 31, 2006, referable to the children Angelina L.C., Antoine C., Michael D.C., Jr., and Evelina M.C., so as to award him custody of those children, granted the father's separate petition for custody of the child James C., denied her cross petitions for custody of all of the children, and directed her to stay away from all of the children for a period of one year, except for supervised visitation. The appeal from the order of fact-finding and disposition dated November 22, 2011, brings up for review the order of fact-finding dated June 4, 2010.

Ordered that the appeal from so much of the order of fact-finding and disposition dated November 22, 2011, as directed that the mother stay away from the subject children except for supervised visitation for a period of one year, and so much of the same order of fact-finding and disposition as related to the child Evelina M.C. is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated November 22, 2011, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of fact-finding and disposition dated November 22, 2011, as directed that the mother stay away from the children except for supervised visitation for a period of one year must be dismissed as academic, as that por-

tion of the order has already expired (*see Matter of Amiya S. [Twana J.F.]*, 100 AD3d 763, 764 [2012]; *Matter of Sylvia J.*, 23 AD3d 560, 561 [2005]; *Matter of Ciara M.*, 273 AD2d 312, 314 [2000]). Since the child Evelina M.C. is now over 18 years of age, she is no longer subject to the order appealed from (*see Matter of Hershko v Hershko*, 103 AD3d 635 [2013]; *Matter of Julian B. v Williams*, 97 AD3d 671 [2012]; *Matter of Cahill v Zakian*, 71 AD3d 765 [2010]; *Matter of McGovern v Lynch*, 62 AD3d 712 [2009]). Accordingly, the appeal from so much of the order of fact-finding and disposition dated November 22, 2011, as related to her must be dismissed as academic as well.

On November 2, 2007, a finding of neglect was entered by the Family Court against the mother, on her consent, based on the mother's refusal to treat or address her mental health issues. On June 4, 2010, after a fact-finding hearing, the Family Court made a subsequent finding of neglect against the mother, and a finding of neglect against the father, in connection with the child Angelina L.C., with derivative findings of neglect as to the other four children of the mother and father. The Family Court ordered forensic evaluations of, among others, the mother and father, by Joseph Scroppo, a psychologist. Thereafter, the father filed petitions seeking modification of a prior order of custody dated January 31, 2006, so as to award him custody of the children Angelina L.C., Antoine C., Michael D.C., Jr., and Evelina M.C., and filed a separate petition for custody of the parties' youngest child, James C. The mother filed cross petitions seeking an award of custody of all of the children. By December 2010, the father had temporary custody of all five children. After a fact-finding and dispositional hearing on the custody petitions and cross petitions, conducted jointly with a dispositional hearing on the neglect petitions, the Family Court, inter alia, granted the father's petitions seeking a modification of the prior custody order, and awarded him custody of the children Angelina L.C., Antoine C., Michael D.C., Jr., and Evelina M.C., granted the father's petition seeking custody of James C., denied the mother's cross petitions for custody of all of the children, and directed the mother to stay away from all of the children for a period of one year, except for supervised visitation.

In order to modify an existing court-sanctioned custody or visitation arrangement, "there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (*Matter of McVey v Barnett*, 107 AD3d 808, 808 [2013] [internal quotation marks omitted]; *see* Family Ct Act § 467 [b] [ii]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Eschbach v Eschbach*,

56 NY2d 167 [1982]; *Matter of James M. v Kevin M.*, 99 AD3d 911 [2012]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Griffin v Nikiea Moore-James*, 104 AD3d 685 [2013]; *Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737 [2012]). " 'Since any custody determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record' " (*Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984 [2012], quoting *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]; *Matter of Nell v Nell*, 87 AD3d 541, 542 [2011]).

Contrary to the mother's contention, the Family Court's determination to award custody of the parties' five children to the father has a sound and substantial basis in the record. Hearing testimony and in camera interviews conducted with the four older children established that the mother, who has been diagnosed with schizoaffective disorder of the bipolar type, experienced delusions and disorganized speech that directly affected her abilities to parent and, thus, constituted an adequate ground on which to find a change of circumstances (*see Matter of Sloand v Sloand*, 30 AD3d 784 [2006]). Furthermore, the Family Court properly determined that any therapeutic treatment was likely to be ineffective due to the mother's lack of insight about her illness (*see Matter of Naomi S. [Hadar S.]*, 87 AD3d 936 [2011]), as evidenced by credible testimony at the hearing and the prior finding of neglect made on the mother's consent.

The Family Court's determination is further supported by the recommendation of Scroppo, the court-appointed forensic psychologist, and by the position taken by the attorneys for the children. Where, as here, the recommendations of court-appointed evaluators and the position of the attorney for the children are not contradicted by the record, they are entitled to some weight (*see Matter of Ciccone v Ciccone*, 74 AD3d 1337, 1338 [2010]; *Rosenberg v Rosenberg*, 44 AD3d 1022, 1024-1025 [2007]). Likewise, the four older children, ranging in age from 12 to 17, stated in their in camera interviews that they would prefer to live with their father, and their wishes were entitled to great weight (*see Matter of Sassower-Berlin v Berlin*, 31 AD3d 771, 772 [2006]).

Accordingly, the Family Court's determination that the award to the father of custody of the subject children would be in their

best interests has a sound and substantial basis in the record, and should not be disturbed (*see Matter of Cooper v Robertson*, 97 AD3d 743 [2012]).

By consenting to the finding of neglect on November 2, 2007, the mother waived her contention that the Family Court erred in making that finding. To the extent that the mother contends that the Family Court, in its order of fact-finding dated June 4, 2010, erred in making a subsequent finding that she neglected or derivatively neglected her children, this contention is without merit. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.