■ In the Matter of Wilfredo Quintanilla, Respondent, v Sandra Morales, Appellant. [974 NYS2d 261]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated March 28, 2012, which, after a hearing, in effect, granted the father's petition to modify a prior order of custody of the same court dated June 9, 2006, entered upon the consent of the parties, so as to award him sole legal and physical custody of the subject child.

Ordered that the order is affirmed, without costs or disbursements.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]; *see Matter of Ross v Ross*, 96 AD3d 856, 857 [2012]; *Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]; *Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984 [2012]). "Since

weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *see Matter of Buxenbaum v Fulmer*, 82 AD3d 1223, 1224 [2011]).

Here, contrary to the mother's contention, the Family Court properly considered the totality of the circumstances, and its determination that there had been a sufficient change in circumstances requiring a change in custody to protect the best interests of the subject child is supported by a sound and substantial basis in the record. Accordingly, the Family Court's determination will not be disturbed (*see Matter of Flores v Mark*, 107 AD3d 796, 797 [2013], *lv denied* 21 NY3d 865 [2013]; *Matter of Lawlor v Eder*, 106 AD3d 739, 740 [2013]; *Matter of Pappas v Kells*, 77 AD3d 952, 953-954 [2010]).

The mother's remaining contentions are without merit.

Since the father did not appeal, his contention that the Family Court's award of visitation to the mother should be modified is not properly before this Court (*see Matter of Wiebke v Wiebke*, 77 AD3d 964, 965 [2010]). Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.