In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Genchi, J.), dated December 10, 2012, as granted the father’s petition to modify an order of custody dated September 21, 2011, so as to award him residential and legal custody of the parties’ children.
*637 Ordered that the order dated December 10, 2012, is affirmed insofar as appealed from, without costs or disbursements.
“In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child” (Matter of Davis v Pignataro 97 AD3d 677, 677 [2012] [internal quotation marks omitted]; see Matter of Peralta v Irrizary, 76 AD3d 561, 562 [2010]; Matter of Arduino v Ayuso, 70 AD3d 682, 682 [2010]). “The best interests of the child are determined by a review of the totality of the circumstances” (Matter of Davis v Pignataro, 97 AD3d at 677 [internal quotation marks omitted]; see Matter of Jackson v Coleman, 94 AD3d 762, 763 [2012]; Matter of Skeete v Hamilton, 78 AD3d 1187, 1188 [2010]). “Since any custody determination depends to a very great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Davis v Pignataro, 97 AD3d at 677-678 [internal quotation marks omitted]; Matter of Chabotte v Faella, 77 AD3d 749, 749-750 [2010]).
Here, the Family Court properly considered the totality of the circumstances, and its determination awarding the father legal and residential custody of the parties’ two children was supported by a sound and substantial basis in the record. Thus, the court’s determination will not be disturbed (see Matter of Davis v Pignataro, 97 AD3d at 678; Matter of Solovay v Solovay, 94 AD3d 898 [2012]; Matter of Jackson v Coleman, 94 AD3d at 763).
Moreover, there is no merit to the mother’s contention that the Family Court was unfairly biased against her. “The inquiry on appeal is limited to whether the judge’s bias, if any, unjustly affected the result to the detriment of the complaining party” (Matter of Davis v Pignataro, 97 AD3d at 678 [internal quotation marks omitted]; see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466 [2006]; State Div. of Human Rights v Merchants Mut. Ins. Co., 59 AD2d 1054, 1056 [1977]). Here, the record contains no evidence of such bias (see Matter of Davis v Pignataro, 97 AD3d at 678).
The mother’s remaining contentions are without merit. Angiolillo, J.E, Hall, Austin and Miller, JJ., concur.