■ In the Matter of DANIEL S. SCHMIDT, Respondent, v JANEEN DUNN, Appellant. [980 NYS2d 163]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Genchi, J.), dated August 13, 2012, as, after a hearing, granted the father's petition to modify a prior order of the same court dated January 11, 2008, so as to award him sole residential custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (*Matter of Davis v Pignataro*, 97 AD3d 677, 677 [2012] [internal quotation marks omitted]; *see Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d 636 [2013]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]; *Matter of Quintanilla v Morales*, 110 AD3d 1081 [2013]). The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Felty v Felty*, 108 AD3d 705, 707 [2013]; *Matter of Haimovici v Haimovici*, 73 AD3d 1058 [2010]).

Here, the Family Court properly considered the totality of the circumstances, and its determination that there had been a sufficient change in circumstances requiring a change in residential custody to protect the best interests of the subject child is supported by a sound and substantial basis in the record (*see Matter of Brown v Brown*, 88 AD3d 1174 [2011]; *Matter of Hissam v Hissam*, 84 AD3d 1513, 1514 [2011]). Accordingly, the court's determination will not be disturbed (*see Matter of Quintanilla v Morales*, 110 AD3d 1081 [2013]; *Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d 636 [2013]).

The mother's remaining contention is without merit. Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.