In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Phillips, Ct. Att. Ref.), dated January 10, 2013, which, after a hearing, granted the father’s petition to modify an order of the Supreme Court, Suffolk County (Garguilo, J.), dated September 11, 2009, made on consent of the parties, so as to award the father sole legal and residential custody of their child.
Ordered that the order is affirmed, without costs or disbursements.
To warrant modification of an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Family Ct Act § 652 [a]; Matter of Hixenbaugh v Hixenbaugh, 111 AD3d 636, 637 [2013]; Matter of Quintanilla v Morales, 110 AD3d 1081 [2013], lv denied 22 NY3d 1127 [2014]). “The best interests of the child are determined by a review of the totality of the circumstances” (Matter of Hixenbaugh v Hixenbaugh, 111 AD3d at 637 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). “Since any custody determination depends to a very great extent upon the hearing court’s assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record” (Matter of Davis v Pignataro, 97 AD3d 677, 677-678 [2012] [internal quotation marks omitted]; see Matter of Quintanilla v Morales, 110 AD3d at 1081-1082).
Here, contrary to the mother’s contention, the Family Court properly considered the totality of the circumstances, and its determination that there had been a sufficient change in circumstances requiring a change in custody to protect the best interests of the subject child is supported by a sound and substantial basis in the record. Thus, the court’s determination will not be disturbed (see Matter of Angelina L.C. [Michael C.— Patricia H.-C.], 110 AD3d 793, 796 [2013]; Matter of Yearwood v *952 Yearwood, 90 AD3d 771, 773 [2011]; Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1130, 1132-1133 [2010]; Matter of Sloand v Sloand, 30 AD3d 784, 785-786 [2006]; see also Matter of Berkham v Vessia, 63 AD3d 1155, 1156 [2009]).
The mother’s remaining contentions are without merit.
Mastro, J.E, Chambers, Austin and Miller, JJ., concur.