■ In the Matter of Krystin Holmes, Respondent, v Barbara Holmes, Respondent, and Gustavo Gomez, Appellant. [983 NYS2d 850]—

In a child visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Rouse, J.), dated February 14, 2013, which, after a hearing, granted the mother's petition to modify the visitation provisions of an order of the same court (Burke, Ct. Atty. Ref.), dated March 21, 2012, entered upon the consent of the parties.

Ordered that the order dated February 14, 2013, is affirmed, without costs or disbursements.

In order to modify an existing court-sanctioned custody or visitation arrangement, "there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child[ren]" (*Matter of Angelina L.C. [Michael C.—Patricia H.-C.]*, 110 AD3d 793, 795 [2013] [internal quotation marks omitted]; *see* Family Ct Act § 467 [b] [ii]; *Matter of Wilson v McGlinchey*, 2 NY3d 375, 380 [2004]; *Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of James M. v Kevin M.*, 99 AD3d 911 [2012]; *Matter of McVey v Barnett*, 107 AD3d 808, 808 [2013]). The best interests of the children are determined by a review of the totality of the cir-

cumstances (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Griffin v Nikiea Moore-James*, 104 AD3d 685 [2013]; *Matter of Sidorowicz v Sidorowicz*, 101 AD3d 737 [2012]). Since any visitation determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of O'Loughlin v Sweetland*, 98 AD3d 983, 984 [2012]; *Matter of Skeete v Hamilton*, 78 AD3d 1187, 1188 [2010]; *Matter of Nell v Nell*, 87 AD3d 541, 542 [2011]). Here, the Family Court's determination has a sound and substantial basis in the record and, thus, will not be disturbed. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.