■ In the Matter of MELVIN REYES, Appellant, v DEBORAH GILL, Respondent. [989 NYS2d 139]—

In a custody and visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (McGrady, Ct. Atty. Ref.), dated October 25, 2013, which, after a hearing, in effect, denied his petition to modify an order of custody and visitation of the same court (Olshansky, J.), dated January 31, 2005, awarding custody of the subject child to the mother and visitation to him, so as to award him sole custody of the subject child. By decision and order on motion dated November 13, 2013, this Court, inter alia, stayed the enforcement of the order appealed from pending hearing and determination of the appeal.

Ordered that the order dated October 25, 2013, is reversed, on the facts and in the exercise of discretion, with costs, the petition is granted, and the matter is remitted to the Family Court, Queens County, for a determination of the issue of the mother's visitation. Pending the determination of the issue of the mother's visitation, the visitation provided to the mother in a temporary custody and visitation order of the Family Court, Queens County, dated May 23, 2011, shall remain in effect.

To warrant modification of an existing court-sanctioned custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see* Family Ct Act § 652 [a]; *Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d 636, 637 [2013]; *Matter of Quintanilla v Morales*, 110 AD3d 1081 [2013]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Begy v Begy*, 115 AD3d 951 [2014]).

"Although the determination of the hearing court which saw and heard the witnesses is entitled to great deference, its deter-

mination will not be upheld where it lacks a sound and substantial basis in the record" (*Matter of Sparacio v Fitzgerald*, 73 AD3d 790, 791 [2010]). Here, the Family Court's determination is not supported by a sound and substantial basis in the record (*see Matter of Volpe v Volpe*, 61 AD3d 691, 692 [2009]). The Family Court failed to accord sufficient weight to the child's educational performance while in the father's care, as compared to the child's performance while in the mother's care. While in the mother's care, the child missed 67 days of school during the 2010-2011 school year, after which he was not promoted to the next grade. In an order of the Family Court dated May 23, 2011, the father was awarded temporary custody. In the beginning of the 2011-2012 school year, the child was "well below" grade level in reading, spelling, and mathematics, and he was "struggling academically." While in the father's care, commencing during the 2011-2012 school year, the child has regularly attended school, and his academic performance has improved. The Family Court failed to consider the hearing testimony of the child's school teacher for the 2011-2012 school year. The teacher testified that, while the child was in the father's care, he improved from well below grade level to above grade level in reading, spelling, and mathematics.

Moreover, the Family Court, in rendering the order appealed from, failed to accord sufficient weight to the child's need for stability, to the impact that uprooting him from the place he has lived and the school he has attended since May 2011 would have upon his development, and to the child's preference, expressed through his attorney, to remain with the father. Additionally, the Family Court failed to consider that the home environment provided by the father is more suitable for the child than that provided by the mother (*see Miller v Pipia*, 297 AD2d 362, 365 [2002]). The child has his own bedroom in the father's home, whereas the child would share a one-bedroom apartment with the mother, her boyfriend, and their newborn baby.

Accordingly, the Family Court should have awarded sole custody of the child to the father. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.

Motion by the appellant on an appeal from an order of the Family Court, Queens County, dated October 25, 2013, to strike stated portions of the respondent's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated May 12, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of and in response to the motion, and upon the argument of the appeal it is,

Ordered that the motion is granted, and those portions of the respondent's brief that are the subject of the motion are deemed stricken and have not been considered in the determination of the appeal. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.