■ In the Matter of JESUS PRECIADO, JR., Respondent, v HOPE IRELAND, Appellant. (Proceeding No. 1.) In the Matter of HOPE IRELAND, Appellant, v JESUS PRECIADO, JR., Respondent. (Proceeding No. 2.) [2 NYS3d 594]—

Appeal from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated September 4, 2013. The order, insofar as appealed from, granted the father's petition to modify a prior order of custody of that court so as to award the father residential custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In order to modify an existing court-sanctioned custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Holmes v Holmes*, 116 AD3d 955 [2014]; *Matter of Quintanilla v Morales*, 110 AD3d 1081 [2013]; *Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). "Since weighing the factors relevant to any custody [or visitation] determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *see Matter of Quintanilla v Morales*, 110 AD3d at 1081-1082).

Here, the father established that there had been a sufficient change in circumstances by demonstrating, among other things, the mother had interfered with his relationship with the child. The Family Court considered the totality of the circumstances, and determined that a modification in the custody arrangement was in the child's best interests (*see Matter of Fargasch v Alves*, 116 AD3d 774, 775 [2014]). We find that its custody determination is supported by a sound and substantial basis in the record (*see Matter of Holmes v Holmes*, 116 AD3d

955 [2014]; *Matter of Begy v Begy*, 115 AD3d 951 [2014]; *Matter of Quintanilla v Morales*, 110 AD3d 1081 [2013]). Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.