■ In the Matter of Trevor R. Thomas, Respondent, v Simone M. Wong, Appellant. [7 NYS3d 220]—

Appeal from an order of the Family Court, Kings County (Terrence J. McElrath, J.), dated June 20, 2013. The order granted the father's petition to modify a prior order of custody of that court so as to award him sole custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

Modification of an existing custody or visitation order is only

warranted upon a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see* Family Ct Act § 652 [a]; *Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d 636, 637 [2013]; *Matter of Quintanilla v Morales*, 110 AD3d 1081 [2013]). The best interests of the child are determined by a review of the totality of the circumstances (*see Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d at 637; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In addition, as custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Diaz v Garcia*, 119 AD3d 682, 683 [2014]; *Matter of Quintanilla v Morales*, 110 AD3d at 1081-1082; *Matter of Davis v Pignataro*, 97 AD3d 677, 677-678 [2012]).

Here, the Family Court properly considered the totality of the circumstances, and its determination awarding the father sole custody of the parties' child was supported by a sound and substantial basis in the record. Thus, the court's determination will not be disturbed (*see Matter of Angelina L.C. [Michael C.— Patricia H.-C.]*, 110 AD3d 793, 796-797 [2013]; *Matter of Leo v Leo*, 39 AD3d 899, 901 [2007]; *Matter of Sloand v Sloand*, 30 AD3d 784, 785-786 [2006]).

Any error in failing to set forth the facts in the order appealed from does not constitute grounds for reversal or modification, since the record contains a sound and substantial basis for the Family Court's determination and is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Bonet v Bonet*, 121 AD3d 978 [2014]; *Matter of Deegan v Deegan*, 35 AD3d 736 [2006]; *Matter of Minas v Shevlin*, 254 AD2d 420, 421 [1998]).

The Family Court providently exercised its discretion in denying the mother's mid-hearing application for an updated psychiatric evaluation of the mother, as she failed to demonstrate that an updated evaluation was necessary (*see* County Law § 722-c; *Matter of Sean S. [Benito S.]*, 79 AD3d 757, 758 [2010]; *Matter of Lane v Lane*, 68 AD3d 995, 998 [2009]). Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.