■ In the Matter of LAWRENCE J. WORNER, Respondent, v SUSAN GAVIN, Appellant. [9 NYS3d 383]—

Appeal from stated portions of an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), dated December 21, 2012. The order, inter alia, after a hearing, granted the father's petition to modify a prior order of that court dated January 14, 2011, so as to award him permanent sole legal and physical custody of the subject children.

Ordered that the order dated December 21, 2012, is affirmed insofar as appealed from, without costs or disbursements.

The parties are the parents of two children, born in 1999 and 2000, respectively. By order dated January 16, 2004, the Family Court awarded the mother sole physical custody of the children. In January 2011, the father commenced a family offense proceeding against the mother on behalf of the children, and while that proceeding was pending, the Family Court issued a temporary order of protection dated January 14, 2011, directing the mother to stay away from the children and awarding temporary sole legal and physical custody of the children to the father. The father then commenced this proceeding seeking to modify the order dated January 14, 2011, so as to award him permanent sole legal and physical custody based on a change in circumstances.

Modification of an existing custody or visitation order is only warranted upon a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Family Ct Act § 652 [a]; Matter of Thomas v Wong, 127 AD3d 769 [2015]; Matter of Hixenbaugh v Hixenbaugh, 111 AD3d 636, 637 [2013]; Matter of Quintanilla v Morales, 110 AD3d 1081 [2013]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; see Matter of Hixenbaugh v Hixenbaugh, 111 AD3d at 637). In addition, as custody determinations depend to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its credibility findings are accorded deference, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Diaz v Garcia, 119 AD3d 682, 683 [2014]; Matter of Quintanilla v Morales, 110 AD3d at 1081-1082; Matter of Davis v Pignataro, 97 AD3d 677, 677-678 [2012]). Furthermore, in determining custody, while the express wishes of the children are not controlling, "they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of O'Connor v Dyer, 18 AD3d 757 [2005]; see Matter of Samuel S. v Dayawathie R., 63 AD3d 746, 747 [2009]; Matter of Manfredo v Manfredo, 53 AD3d 498, 500 [2008]).

Here, there was evidence that the relationship between the mother and the children had deteriorated, that the children wished to reside with the father, and that the father would be more likely than the mother to foster a relationship between

the children and the noncustodial parent. Contrary to the mother's contention, the Family Court's determination awarding the father permanent sole legal and physical custody has a sound and substantial basis in the record (*see Matter of Cannella v Anthony*, 127 AD3d 745 [2015]; *Matter of Manfredo v Manfredo*, 53 AD3d at 500).

Moreover, there is no merit to the mother's contention that the Family Court was biased against her. "The inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party" (*Matter of Davis v Pignataro*, 97 AD3d at 678 [internal quotation marks omitted]; *see Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d at 637; *Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 465, 466 [2006]; *State Div. of Human Rights v Merchants Mut. Ins. Co.*, 59 AD2d 1054, 1056 [1977]). Here, the record contains no evidence of the alleged bias (*see Matter of Davis v Pignataro*, 97 AD3d at 678).

The mother's remaining contention is without merit. Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.