■ In the Matter of JOHN W. ENNIS, Respondent, v JUSTINE PITERNIAK, Appellant. [20 NYS3d 645]—

Appeals from (1) a decision of the Family Court, Suffolk County (Matthew M. Deedy, Ct. Atty. Ref.), dated November 21, 2014, and (2) an order of that court, also dated November 21, 2014. The order, insofar as appealed from, upon the decision and after a hearing, granted that branch of the father's petition which was to modify the terms of a stipulation of settlement, which was incorporated but not merged into the parties' judgment of divorce, so as to award him unsupervised overnight visitation with the subject child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Modification of a court-approved agreement setting forth terms of visitation is permissible upon a showing that there has been a substantial change in circumstances such that modification is necessary to ensure the best interests and welfare of the child (*see Hughes v Hughes*, 131 AD3d 1207, 1208 [2015]; *Kollmar v Kollmar*, 100 AD3d 712 [2012]). The

best interests of the child are determined by a review of the totality of the circumstances (*see Matter of C.H. v F.M.*, 130 AD3d 1028 [2015]; *Matter of DeMille v Pizzo*, 129 AD3d 957 [2015]; *Matter of Worner v Gavin*, 128 AD3d 981 [2015]).

The Family Court properly granted that branch of the father's petition which was to modify the provisions of the parties' stipulation of settlement regarding visitation so as to award him unsupervised overnight visitation with the subject child.

The parties' stipulation of settlement provided that if the father relocated to New York, the relocation would be considered a substantial change in circumstances and the parenting plan set forth in the agreement could be reevaluated. The father testified at the hearing that he had relocated to New York in 2010, and that since his relocation the mother had been permitting unsupervised daytime visitation between him and the child. The testimony at the hearing established that there had been a substantial change in circumstances, and that a modification of the visitation provisions of the settlement agreement to allow for unsupervised overnight visitation was in the child's best interests. A more liberal visitation schedule, including unsupervised overnight visits, would foster the best interests of the child by permitting the continued development of a meaningful, nurturing relationship between the father and the child (*see Matter of Stones v Vandenberge*, 127 AD3d 1213 [2015]).

The Family Court's determination with respect to visitation depended to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. The court determined that the mother was not credible as to her concerns about unsupervised overnight visitation; in contrast, the court found that the father and his girlfriend were credible about the issues raised by the mother. The attorney for the child supported the father's petition. The credibility findings of the Family Court are entitled to great weight (*see Matter of McQueen v Legette*, 125 AD3d 863 [2015]). As the Family Court's determination that an expanded visitation schedule between the father and the subject child, specifically, unsupervised overnight visits, has a sound and substantial basis in the record, it will not be disturbed (*see Matter of McQueen v Legette*, 125 AD3d 863 [2015]; *Matter of Rodriguez v Silva*, 121 AD3d 794 [2014]; *Matter of Weiss v Rosenthal*, 120 AD3d 505 [2014]). Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.