■ In the Matter of ADAM M. SACHS, Respondent, v IRINA ASOTSKAYA, Appellant. [25 NYS3d 248]—

Appeal from an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated October 3, 2014. The order, after a hearing, insofar as appealed from, granted the father's petition to modify a prior order of custody and visitation of that court dated March 15, 2013, by modifying certain provisions with respect to the mother's parenting time with the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The father petitioned to modify an order of custody and visitation. He alleged that the mother had repeatedly violated the terms and conditions of the parental access schedule. After a hearing, the Family Court found that the mother violated the terms of the prior order and granted the father's petition by, inter alia, limiting the mother's parenting time with the parties' child to the first and third weekends of each month and

directing that all exchanges of the child occur at the police station in Brookville, New York. The mother appeals.

A party seeking modification of an existing custody or visitation order must demonstrate that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Preciado v Ireland*, 125 AD3d 662, 662 [2015]; *Matter of Holmes v Holmes*, 116 AD3d 955, 955 [2014]). Upon reviewing a Family Court's determination regarding modification of custody or visitation following a hearing, we must keep in mind that the Family Court was in the best position to evaluate the credibility of the witnesses and the character and sincerity of all the parties involved (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Ennis v Piterniak*, 134 AD3d 823, 824 [2d Dept 2015]). Accordingly, we will not disturb that court's determination unless it lacks a sound and substantial basis in the record (*see Matter of Ennis v Piterniak*, 134 AD3d at 824; *Matter of Preciado v Ireland*, 125 AD3d at 662).

Here, the record contains a sound and substantial basis for the Family Court's determination that the mother knowingly violated the provisions of the prior order on many occasions. These violations amounted to a change in circumstances such that modification of the prior order was required to ensure the child's best interests (*see Matter of Preciado v Ireland*, 125 AD3d at 662; *Matter of Quintanilla v Morales*, 110 AD3d 1081, 1082 [2013]). Moreover, inasmuch as the Family Court's specific modifications of the prior order are supported by a sound and substantial basis in the record and are consistent with the best interests of the child, we decline to disturb them (*see Matter of Ennis v Piterniak*, 134 AD3d at 824; *Matter of Rodriguez v Silva*, 121 AD3d 794, 796 [2014]; *Matter of Torres v Ojeda*, 108 AD3d 570, 571 [2013]).

The mother's remaining contention is without merit (*see Matter of Hixenbaugh v Hixenbaugh*, 111 AD3d 636, 637 [2013]).

Accordingly, the father's petition was properly granted. Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.