■ In the Matter of APRIL M. BODRE, Respondent, v ANTHONY J. STIMATZ, Appellant. [52 NYS3d 872]—

■■■■■■■■■■■■■■■

Appeal by the father from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated July 7, 2016. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify the parties' stipulation of settlement so as to award her residential custody of the parties' children, and reduced the father's parenting time with the children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties are the divorced parents of two daughters, born in 2004 and 2008, respectively. On November 28, 2012, the parties entered into a stipulation of settlement, which was incorporated but not merged into their judgment of divorce. Under the terms of the stipulation, the parties agreed to joint legal custody and to divide parenting time equally by having the children alternate between each parent's home on a weekly basis. In April 2016, the mother petitioned to modify the

parenting time provisions of the stipulation of settlement so as to award her residential custody, alleging that there had been a change in circumstances, which included a change in the father's work location and schedule caused by his transfer from Suffolk County to the Bronx. After conducting a hearing and taking the testimony of the children in camera, the Family Court granted the mother's petition, awarding her residential custody and setting forth a parenting time schedule which reduced the father's parenting time to, inter alia, three weekends per month, and every Tuesday after school or work until Wednesday at 8:00 p.m.

"Modification of an existing court-sanctioned custody agreement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of DeVita v DeVita*, 143 AD3d 981, 982 [2016] [internal quotation marks omitted]; *see Matter of Oyefeso v Sully*, 148 AD3d 710 [2017]). "Upon reviewing a Family Court's determination regarding modification of custody or visitation following a hearing, we must keep in mind that the Family Court was in the best position to evaluate the credibility of the witnesses and the character and sincerity of the parties involved" (*Matter of Sachs v Asotskaya*, 136 AD3d 618, 619 [2016]; *see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Ennis v Piterniak*, 134 AD3d 823, 825 [2015]). Accordingly, the Family Court's credibility findings are accorded deference and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of DeVita v DeVita*, 143 AD3d at 982; *Matter of Sachs v Asotskaya*, 136 AD3d at 619).

Contrary to the father's contention, the record contains a sound and substantial basis for the Family Court's determination that there had been a change in circumstances, including the transfer of his employment from Suffolk County to the Bronx, which made the parties' original equal parenting time schedule unworkable, and required a transfer of residential custody to the mother to ensure the best interests of the children (*see Matter of Oyefeso v Sully*, 148 AD3d 710 [2017]; *Matter of Lyons v Knox*, 126 AD3d 798, 799 [2015]; *Matter of Hillord v Davis*, 123 AD3d 1126 [2014]). Moreover, the court's specific modifications of the parenting time provisions of the stipulation of settlement are also supported by a sound and substantial basis in the record and are consistent with the best interests of the children (*see Matter of Sachs v Asotskaya*, 136 AD3d at 619; *Matter of Ennis v Piterniak*, 134 AD3d at 824).

Accordingly, the court's determination will not be disturbed. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.