Matter of Garcia v Manukian (2021 NY Slip Op 00310)





Matter of Garcia v Manukian


2021 NY Slip Op 00310


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-06145
2019-06146
2020-04439
 (Docket Nos. V-22556-16/17B, V-22557-16/17B, V-6185-17/17B)

[*1]In the Matter of Abe James Garcia, appellant,
v
Elizabeth Manukian, respondent.


Amy J. Barrett, New York, NY, for appellant.
Lance K. Dandridge, Jamaica, NY, for respondent.
Steven P. Forbes, Jamaica, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from three orders of the Family Court, Queens County (Emily M. Martinez, Ct. Atty. Ref.), all dated April 29, 2019. The first order, after a hearing, in effect, granted the mother's motion, made at the close of the father's case, to dismiss the father's petition to modify the custody provisions of the parties' so-ordered stipulation of settlement dated May 26, 2010, so as to award him sole legal and physical custody of the subject children. The second order, after a hearing, in effect, granted the mother's motion, made at the close of the father's case, to dismiss the father's separate petition to enforce the parental access provisions of the stipulation of settlement. The third order directed that the father was "not permitted to file any further petitions without first seeking the court's permission."
ORDERED that on the Court's own motion, the notice of appeal from the third order is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the orders are affirmed, without costs or disbursements.
In a related action for a divorce and ancillary relief, the parties entered into a so-ordered stipulation of settlement dated May 26, 2010, which provided, inter alia, that the parties would have joint legal custody of their children, that the mother would have sole physical custody of the children, and that the father would have certain parental access. Thereafter, the father filed a petition to modify the custody provisions of the stipulation of settlement so as to award him sole legal and physical custody of the children, and a separate petition to enforce the parental access provisions of the stipulation. At a hearing on the father's petitions, the mother moved at the close of the father's case to dismiss the petitions on the ground that the father failed to establish a prima facie case. In two orders, both dated April 29, 2019, the Family Court, in effect, granted the mother's motions to dismiss the petitions. In a separate order, also dated April 29, 2019, the court directed that the father was "not permitted to file any further petitions without first seeking the court's permission."
In order to modify an existing custody or visitation arrangement, there must be a showing that there has been a change in circumstances such that modification is required to ensure the best interests of the child (see Matter of Preciado v Ireland, 125 AD3d 662, 622; Matter of Holmes v Holmes, 116 AD3d 955, 955; see also Family Court Act § 652[b]). The best interests of the child are determined by a review of the totality of circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Preciado v Ireland, 125 AD3d 662, 662). In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of Bacchus v McGregor, 147 AD3d 1049, 1050; Matter of Cruz v Figueroa, 132 AD3d 669, 669).
Here, accepting the father's evidence as true, and affording him the benefit of every favorable inference, the father failed to present sufficient evidence to establish a prima facie case of a change in circumstances which might warrant modification of the custody provisions of the stipulation in the best interests of the children (see Matter of Bacchus v McGregor, 147 AD3d 1049, 1050; Matter of Cruz v Figueroa, 132 AD3d 669, 669). Further, the father failed to present sufficient evidence to establish a prima facie case of the mother's violation of the parental access provisions of the stipulation as alleged in the father's enforcement petition (see Matter of Vukic v Jasaraj, 173 AD3d 1193, 1194). Accordingly, the Family Court properly, in effect, granted the mother's motion to dismiss the father's petitions.
Furthermore, under the circumstances presented, the Family Court providently exercised its discretion in directing that the father was "not permitted to file any further petitions without first seeking the court's permission" (see Matter of Molinari v Tuthill, 59 AD3d 722, 723).
The father's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court