Matter of Johnson v Watson (2022 NY Slip Op 00663)





Matter of Johnson v Watson


2022 NY Slip Op 00663


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2020-01899
 (Docket No. V-387-17/19D)

[*1]In the Matter of Angel Lucille Johnson, respondent,
v
Bentley Edward Watson, Jr., appellant.


Robert Marinelli, New York, NY, for appellant.
Anthony DeGuerre, Staten Island, NY, for respondent.
Christine Theodore, Spring Valley, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated February 10, 2020. The order, without a hearing, granted the mother's petition, in effect, to modify the parties' parenting plan dated March 6, 2019, so as to eliminate the father's alternate Thursday overnight parental access with the child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
The parties, who were never married, have one child together, born in 2017. In a temporary order dated January 10, 2019, the Supreme Court awarded custody to the mother with alternate weekend parental access to the father. In March 2019, the parties entered into a five-page comprehensive parenting plan which provided that in addition to alternate weekend parental access, the father would have overnight parental access on alternating weeks from Thursday after daycare and/or school to Friday before daycare and/or school. In August 2019, the mother, in an effort to eliminate the alternate Thursday overnight parental access, filed a petition seeking to enforce the January 10, 2019 order. The sole reason for the mother seeking to eliminate that parental access was that the father worked on Thursday nights. In an order dated February 10, 2020, the court treated the mother's enforcement petition as a request for a modification, found that there had been a change in circumstances, and granted the petition. The father appeals. We reverse.
"In order to modify an existing . . . parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Liriano v Hotaki, 176 AD3d 710, 710-711 [internal quotation marks omitted]; see Matter of Merchant v Caldwell, 198 AD3d 782). "The best interests of the child are determined by a review of the totality of . . . circumstances" (Matter of Jackson v Shands, 191 AD3d 675, 676; see Matter of Garcia v Manukian, 190 AD3d 854, 855).
Here, the mother failed to allege that a change in circumstances occurred between the [*2]time the parties executed the parenting plan and the time she filed her petition. The father working on Thursday nights did not constitute a change in circumstances because that circumstance existed at the time the parties entered into the parenting plan (see Matter of Steven E. v Angella E., 183 AD3d 546, 546; Matter of William F.G. v Lisa M.B., 169 AD3d 1428, 1429; Matter of Dana H. v James Y., 89 AD3d 844, 845). Since the mother failed to allege a change in circumstances, no hearing was required (see Matter of Werner v Mazzenga, 174 AD3d 727, 728-729; Matter of Ali v Hines, 125 AD3d 851, 851-852). Accordingly, the petition should have been denied and the proceeding dismissed.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court