Matter of Quattrochi v Negri (2025 NY Slip Op 02784)

Matter of Quattrochi v Negri

2025 NY Slip Op 02784

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2023-10787
 (Docket Nos. V-2100-10/22BJ, V-2100-10/23BK)

[*1]In the Matter of Lisa M. Quattrochi, appellant, 
v
Robert J. Negri, respondent. 

Gary E. Eisenberg, New City, NY, for appellant.
Kent A. Pritchard, Jr., Poughkeepsie, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated October 18, 2023. The order, after a hearing, denied the mother's petition alleging that the father violated the parental access provisions of two orders of the same court dated April 2, 2019, and June 21, 2022, and denied the mother's petition to modify the orders dated April 2, 2019, and June 21, 2022, so as to award her sole legal and physical custody of the parties' child.
ORDERED that the order dated October 18, 2023, is affirmed, without costs or disbursements.
The parties have one child together, born in 2009. By order dated April 2, 2019, after a hearing, the parties were awarded joint legal and physical custody of the child. By order dated June 21, 2022, issued on consent, the parties, inter alia, agreed where the child would attend high school and set forth that neither parent was to interfere with the parental access of the other. All other terms of the April 2, 2019 order were continued.
In August 2022, the mother filed a petition alleging that the father violated the parental access provisions of the April 2, 2019 and June 21, 2022 orders (hereinafter together the prior orders). In January 2023, the mother filed a petition to modify the prior orders so as to award her sole legal and physical custody of the child. By order dated October 18, 2023, after a hearing, the Family Court denied the mother's petitions. The mother appeals.
The Family Court's determination denying the mother's petition to modify the prior orders was based upon a credibility judgment, finding the mother was not credible, and was based upon the wishes of the child, relating to the child's legitimate concerns as to his schedule and commitments as a high school student. This determination has a sound and substantial basis in the record and therefore should not be disturbed (see Matter of Saliba v Melvin, 227 AD3d 913, 914; Matter of Sachs v Asotskaya, 136 AD3d 618, 619).
The mother's remaining contentions are without merit.
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court