■ In the Matter of Tyrone G., Appellant, v Lucretia S., Respondent. [771 NYS2d 645]—

Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about April 24, 1998, which denied petitioner's application for sole custody of the parties' child, and granted sole custody to respondent, unanimously affirmed, without costs.

Family Court properly accorded substantial weight to evidence showing that petitioner's interference with respondent's relationship with the child was "persistent" and "insidious," included unfounded allegations of child abuse, and caused the

child emotional harm (*see Matter of Mendez v Hance*, 1 AD3d 265 [2003]; *Matter of Gago v Acevedo*, 214 AD2d 565, 566 [1995], *lv denied* 86 NY2d 706 [1995]). Also given proper consideration were the recommendation of the Law Guardian and the reports of two psychologists concluding that respondent should have custody (*see Young v Young*, 212 AD2d 114, 118-119 [1995]). Petitioner was not denied due process when Family Court refused to assign him new counsel after permitting his assigned counsel to withdraw based on his refusal to cooperate with her without good cause, granted petitioner an adjournment to retain his own counsel, and thereafter permitted petitioner to proceed pro se when he appeared in court without his own counsel (*see Matter of Biskupski v McClellan*, 278 AD2d 912, 912 [2000]; *Matter of Child Welfare Admin. v Jennifer A.*, 218 AD2d 694 [1995]). We have considered and rejected petitioner's other arguments. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.