In the Matter of ISRAEL KORTRIGHT, Respondent, v KAREN BHOORASINGH, Appellant. [27 NYS3d 235]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated January 16, 2015. The order, inter alia, after a hearing, granted the father's petition to modify a prior order of custody and visitation of that court (Lisa Ottley, J.) dated December 14, 2010, to award him sole custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The parties, who never married, have one child together. By order dated December 14, 2010, the Family Court awarded custody to the mother and visitation to the father. The father subsequently petitioned to modify that order to award him sole custody of the parties' child and, by order dated January 16, 2015, the Family Court, inter alia, granted the petition.

"Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of Klioutchnikov v Klioutchnikov*, 129 AD3d 969, 969 [2015]; *see Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729, 730 [2014]; *Matter of Cooper v Robertson*, 97 AD3d 743, 743-744 [2012]). In determining the child's best interests, the court must consider the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Murphy v Lewis*, 106 AD3d 1091, 1091 [2013]; *Matter of Russell v Russell*, 72 AD3d 973, 974 [2010]). "Priority in custody disputes should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement" (*White v Mazzella-White*, 84 AD3d 1068, 1069 [2011]; *see Matter of Russell v Russell*, 72 AD3d at 974). "Where possible, custody should be established on a long term basis, 'at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian' " (*Jackson v Jackson*, 31 AD3d 386, 386 [2006], quoting *Obey v Degling*, 37 NY2d 768, 770 [1975]).

In reviewing a Family Court's determination regarding modification of custody or visitation following a hearing, "we must keep in mind that the Family Court was in the best posi-

tion to evaluate the credibility of the witnesses and the character and sincerity of all the parties involved" (*Matter of Sachs v Asotskaya*, 136 AD3d 618, 619 [2d Dept 2016]; *see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Ennis v Piterniak*, 134 AD3d 823 [2015]). Therefore, the Family Court's determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Realbuto v Butta*, 134 AD3d 1041 [2015]; *Matter of Wosu v Nettles-Wosu*, 132 AD3d 688, 689 [2015]; *Matter of Cruz v Cruz*, 118 AD3d 780, 782 [2014]).

Here, while the subject child, who was seven years old at the time the order of custody was issued, had lived with the mother since birth, the evidence adduced at the hearing established that the mother made repeated and unfounded allegations of sexual abuse against the father. As a result, the child was subjected to numerous examinations by medical, law enforcement, Administration for Children's Services, and mental health personnel, which have had a detrimental impact on the child. These are acts "of interference with the parent-child relationship so inconsistent with the best interests of the child as to raise a strong probability that the mother is unfit to act as custodial parent" (*Matter of Fargasch v Alves*, 116 AD3d 774, 775 [2014]; *see Matter of Goldfarb v Szabo*, 130 AD3d 728, 729 [2015]; *Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]; *Matter of Tyrone G. v Lucretia S.*, 4 AD3d 205, 205 [2004]).

There was a sound and substantial basis in the record for the Family Court's determination, upon its consideration of the totality of the circumstances, that the best interests of the subject child would be served by, inter alia, awarding custody to the father. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.