■ In the Matter of STACY DUNNE, Appellant, v CHRISTOPHER DUNNE, Respondent. [28 NYS3d 707]—

Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated February 27, 2015. The order, after a hearing, in effect, denied the mother's petition to modify a prior order of that court dated November 16, 2011, so as to award her, inter alia, primary physical custody of the parties' child, and modified the order dated November 16, 2011, so as to, inter alia, limit the mother's parenting time to alternate weekends and one midweek overnight visit per week.

Ordered that the order dated February 27, 2015, is modified, on the law and the facts, by deleting therefrom all provisions except the provision which, in effect, denied the mother's petition to modify the order dated November 16, 2011; as so modified the order is affirmed, without costs or disbursements.

The mother and father have one child together, a daughter who is now eight years old. They were divorced in 2012 by a judgment of divorce which incorporated, but did not merge with, an order of custody and visitation dated November 16, 2011, made upon the parties' consent. The 2011 order provided, inter alia, that the parties would share joint legal and physical custody of the child, with equal parenting time split between them.

In 2014, the mother filed a petition to modify the 2011 order,

inter alia, to award her sole legal custody and primary physical custody of the child. After an 11-day hearing, the Family Court concluded that there had been a sufficient change of circumstances to warrant modification. However, rather than granting the mother's petition, the court modified the 2011 order by limiting the mother's parenting time with the child to alternate weekends and one midweek overnight visit per week. The mother appeals.

A party seeking modification of an existing custody or visitation order must demonstrate that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Sachs v Asotskaya*, 136 AD3d 618 [2016]; *Matter of Preciado v Ireland*, 125 AD3d 662, 662 [2015]; *Matter of Holmes v Holmes*, 116 AD3d 955, 955 [2014]).

Contrary to the mother's contention, she failed to demonstrate a sufficient change in circumstances to warrant modifying the 2011 order to award her sole legal custody and primary physical custody of the child. Although the mother alleged that the father abdicated his parenting role to the paternal grandmother, the record demonstrates that the paternal grandmother had played a significant role in caring for the child even prior to the parties' divorce. The mother was aware at the time that the 2011 order was made that the father relied on the paternal grandmother to care for the child while he was at work, and that the paternal grandmother would continue to be the child's primary caretaker during the father's working hours on the days that he had parenting time. While the paternal grandmother additionally participated in the child's life by taking her to medical appointments and attending school activities, there was no evidence that the paternal grandmother's extensive involvement in the child's life negatively impacted the child. Since the mother failed to demonstrate a sufficient change of circumstances, the Family Court properly, in effect, denied the mother's petition to modify the 2011 order, inter alia, to award her sole legal custody and primary physical custody of the child.

However, under the circumstances presented here, the Family Court should not have modified the 2011 order so as to, inter alia, limit the mother's parenting time to alternate weekends and one midweek overnight visit per week. The evidence presented at the lengthy hearing demonstrated the existence of a close bond between the mother and the child, and does not support the conclusion that a reduction in the mother's parenting time is warranted to protect the best inter-

est of the child. Hall, J.P., Roman, LaSalle and Barros, JJ., concur.