■ In the Matter of Luz Williams, Appellant, v Peter Norfleet, Respondent. [34 NYS3d 145]—

Appeal from an order of the Family Court, Rockland County (William P. Warren, J.), entered April 21, 2015. The order, without a hearing, granted the father's motion to dismiss the mother's amended petition to modify a prior custody order of that court dated April 1, 2013, awarding sole custody of the parties' two children to the father, so as to award the mother sole custody.

Ordered that the order entered April 21, 2015, is reversed, on the law, without costs or disbursements, the father's motion to dismiss the mother's amended petition is denied, and the matter is remitted to the Family Court, Rockland County, for a hearing and, thereafter, a new determination on the amended petition.

"A party seeking modification of an existing custody or visitation order must demonstrate that there has been a change in circumstances such that modification is required to protect the

best interests of the child" (*Matter of Dunne v Dunne*, 137 AD3d 1275, 1276 [2016]; *see Matter of Gelfarb v Gelfarb*, 133 AD3d 598 [2015]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Fallarino v Ayala*, 41 AD3d 714, 714-715 [2007]).

A parent seeking a change of custody is not automatically entitled to a hearing but must make some evidentiary showing of a change in circumstances sufficient to warrant a hearing (*see Matter of Hongach v Hongach*, 44 AD3d 664 [2007]; *Matter of Miller v Lee*, 225 AD2d 778 [1996]). The mother presented sufficient evidence of a change of circumstances, including the father's alleged interference with her visitation rights, so as to warrant a hearing (*see Matter of Ruiz v Sciallo*, 127 AD3d 1205, 1206 [2015]; *Matter of Weinberg v Weinberg*, 52 AD3d 616 [2008]; *Matter of Nikolic v Ingrassia*, 47 AD3d 819 [2008]; *Matter of Markey v Bederian*, 274 AD2d 816 [2000]; *Matter of King v King*, 225 AD2d 697 [1996]; *Matter of Sullivan v Sullivan*, 216 AD2d 627 [1995]). " '[W]illful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent' " (*Matter of Ruiz v Sciallo*, 127 AD3d at 1206, quoting *Matter of Joosten v Joosten*, 282 AD2d 748, 748 [2001]). A hearing is further warranted to ascertain whether the father knowingly left the children alone with the maternal grandfather, or with someone who would leave the children alone with the maternal grandfather, in light of child sexual abuse allegations against the maternal grandfather, as well as a previous warning from the Family Court to avoid leaving the children in the maternal grandfather's sole care. If true, such conduct may evince such poor judgment on the father's part and disregard for the potential danger to the children that it would be highly relevant to the question of custody.

Accordingly, the Family Court erred in granting, without a hearing, the father's motion to dismiss the mother's amended petition to modify the prior custody order dated April 1, 2013. Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.