■ In the Matter of SHAHAN ISLAM, Appellant, v SUSAN LEE, Respondent. [38 NYS3d 269]—

Appeals by the father from (1) a decision of the Family Court, Queens County (Julie Stanton, Ct. Atty. Ref.), dated September 29, 2015, made after a hearing, and (2) an order of the same court, also dated September 29, 2015. The order, upon the decision, denied the father's motion to modify the visitation provisions of an order of custody and visitation dated May 10, 2013.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated September 29, 2015, is affirmed, without costs or disbursements.

An order of custody and visitation entered in May 2013

awarded the father sole legal and physical custody of the parties' child, with certain visitation to the mother (*see Matter of Islam v Lee*, 115 AD3d 952 [2014]). That order of custody and visitation required the father to drop the child off for the mother's visitation at a specified location near his and the mother's workplaces in Manhattan, and to pick up the child at a specified location near the mother's residence in Queens. In February 2015, the father moved to modify the order with respect to the parties' responsibility for, and the location of, the pickups and dropoffs. He contended that in light of certain changed circumstances, the amount of travel time had increased and become more burdensome. He sought modification of the provisions of the order to require the mother, among other things, to pick up the child in Connecticut, where he resides. The Family Court denied the father's motion on the ground that the father had failed to demonstrate a change in circumstances warranting modification. The father appeals.

A party seeking modification of an existing custody or visitation order must demonstrate that a change in circumstances has made modification of the existing order necessary to protect the best interests of the child (*see Matter of Williams v Norfleet*, 140 AD3d 1078-1079 [2016]). In making a determination as to modification after a hearing, the Family Court must evaluate the credibility of the witnesses and the character and sincerity of all the parties involved (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Kortright v Bhoorasingh*, 137 AD3d 1037, 1037-1038 [2016]). Here, the Family Court's findings have a sound and substantial basis in the record, and we decline to disturb its determination that the father failed to demonstrate that a change in circumstances requires modification of the prior order of custody and visitation to ensure the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Kortright v Bhoorasingh*, 137 AD3d at 1037-1038; *cf. Matter of Hargrove v Langenau*, 138 AD3d 846, 847 [2016]). Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.