Matter of Greco v Robert N. Greco (2018 NY Slip Op 03678)





Matter of Greco v Robert N. Greco


2018 NY Slip Op 03678


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-06925
 (Docket Nos. V-13004-15, V-13005-15)

[*1]In the Matter of Susan Greco, appellant, 
v
Robert N. Greco, respondent.


Susan Greco, Oyster Bay, NY, appellant pro se.
Sperber & Stein, LLP, Garden City, NY (Michelle S. Stein of counsel), for respondent.
Patricia Miller Latzman, P.C., Mineola, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, inter alia, to determine the mother's physical access with her children, the mother appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated May 17, 2017. The order, insofar as appealed from, after a hearing, denied that branch of the mother's petition which was to modify a prior order of physical access, directed that "the father shall be responsible for the payment of [only] $100 per calendar month toward the cost of" supervised physical access and directed the mother to pay for all supervised physical access costs in excess of $100 per month.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1999 and have two children together. The father commenced an action for a divorce and ancillary relief in May 2010. Following a trial on custody, the Supreme Court, in an interim order, awarded the father custody of the children, and the mother was given supervised physical access. The interim order was incorporated by reference into the parties' April 2005 judgment of divorce. Neither the interim order nor the judgment of divorce set
forth a physical access schedule, and neither specified who should pay the physical access costs. However, the parties developed a schedule whereby the mother had physical access two days per week, on Wednesdays and Saturdays, with the father paying the cost of supervised physical access.
In August 2016, the mother filed a petition in the Family Court alleging, inter alia, that the father had stopped paying the cost of supervised physical access. She moved to compel the father to resume paying those costs, and for modification of the physical access schedule. Following a hearing, during which the children expressed a desire to terminate physical access on Wednesdays to accommodate their own schedules, the court ruled that the mother should continue to have supervised physical access two days per week, with a flexible schedule dependent on the schedules of the children and the social worker who supervised physical access. The court also directed that the father pay the costs of supervised physical access in the amount of only $100 per month, and the mother pay the costs of supervised physical access in excess of $100 per month.
A party seeking modification of an existing custody or physical access order must demonstrate that a change in circumstances has made modification of the existing order necessary to protect the best interests of the child (see Matter of Islam v Lee, 143 AD3d 715, 716; Matter of Williams v Norfleet, 140 AD3d 1078, 1079). The mother failed to demonstrate that a change in circumstances required modification of the prior order awarding custody to the father and supervised physical access to her (see Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Islam v Lee, 143 AD3d at 716; Matter of Kortright v Bhoorasingh, 137 AD3d 1037, 1037-1038). As there was no prior order in effect setting a physical access schedule, the Family Court was not required to engage in a change-of-circumstances analysis to determine a physical access schedule (see Matter of Jackson v Wylie-Tunstall, 137 AD3d 1032, 1033; Matter of Land-Wheatley v Land-Wheatley, 108 AD3d 674). The record supports the court's determination that a more flexible physical access schedule than the parties' former informal arrangement would be in the children's best interests to accommodate the children's schedules.
Further, at the hearing, the Family Court examined the parties' financial situation in determinating each parent's obligation to pay the cost of supervised physical access. The court's determination that the mother's testimony as to her financial situation was not credible is supported by the record.
The petitioner's remaining contentions are without merit.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court