Emiko C. v Christopher P. (2021 NY Slip Op 01942)





Emiko C. v Christopher P.


2021 NY Slip Op 01942


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 308611/15 Appeal No. 13462 Case No. 2019-381 

[*1]Emiko C., Plaintiff-Appellant,
v
Christopher P., Defendant-Respondent.


Steven D. Kommor, P.C., Melville (Steven D. Kommor of counsel), for appellant.
Brian D. Perskin & Associates P.C., Brooklyn (Evan S. Seckular of counsel), for respondent.
Steven P. Forbes, Jamaica, attorney for the child.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about January 11, 2018, which, after a custody trial, denied plaintiff mother's request to relocate with the subject child, awarded defendant father sole legal and physical custody, and set a parental access schedule, unanimously affirmed, without costs.
The determination that an award of sole legal and physical custody to defendant would serve the best interests of the child has a sound and substantial basis in the record (see Matter of David J.B. v Monique H., 52 AD3d 414 [1st Dept 2008]). The child had lived primarily with defendant since 2015, and defendant had taken care of the child's physical, emotional, educational, material, and medical needs (see Matter of Deanna V. v Michael C., 179 AD3d 445, 446 [1st Dept 2020]; see generally Eschbach v Eschbach, 56 NY2d 167, 172-74 [1982]). Plaintiff had violated court orders, refused to pay defendant temporary child support or contribute to the child's add-on expenses, and failed to arrange visitation with the child in the five months preceding the trial. Plaintiff also surreptitiously took the child to see a therapist in California despite the child's ongoing relationship with a therapist in New York, and the visit resulted in an investigation by the Administration for Children's Services of a complaint alleging abuse against defendant that was deemed unfounded. The record also supports the court's consideration of the possibility of parental alienation by plaintiff as an additional factor in favor of granting custody to defendant (see Matter of Tyrone G. v Lucretia S., 4 AD3d 205 [1st Dept 2004]).
The court properly denied plaintiff's request to relocate the child to California since she failed to demonstrate that such a move would be in the child's best interests and provide a benefit sufficient to outweigh the detrimental impact on the child of taking him away from the only home he had ever known, his school, his therapist, and defendant, his primary caregiver.
To the extent plaintiff seeks greater parental access to the child, we decline to disturb the access schedule ordered by the court, which has a sound and substantial basis in the record (see Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]). At the end of the trial the court expressed its willingness to entertain an application to modify plaintiff's access, after six supervised sessions, depending on her comportment, which remedy remains available to the mother.
Plaintiff's contention of alleged judicial bias is unpreserved and in any event unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021