Matter of Gloster v Jourdan (2021 NY Slip Op 02523)





Matter of Gloster v Jourdan


2021 NY Slip Op 02523


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2020-01694
 (Docket Nos. V-2013-15/17D/17G/17H/18I/18J, V-2370-15/17D/17G/17H/18I/18J)

[*1]In the Matter of Nekoro Gloster, appellant,
v
Natalie Jourdan, respondent. (Proceeding No. 1.)
In the Matter of Natalie Jourdan, respondent,
v
Nekoro Gloster, appellant. (Proceeding No. 2.)


Petroske Riezenman & Meyers, P.C., Hauppauge, NY (Michael W. Meyers of counsel), for appellant.
Joan N.G. James, Brooklyn, NY, for respondent.
Larry S. Bachner, New York, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated February 3, 2020. The order, insofar as appealed from, after a hearing, denied the father's petition to modify an order of the same court (Toshia M. McKnight, Ct. Atty. Ref.) dated March 16, 2015, so as to award him sole legal and physical custody of the parties' child, and granted the mother's petition to modify the order dated March 16, 2015, to the extent of, inter alia, conforming the parental access provisions of the order dated March 16, 2015, with the provisions of a temporary order of parental access of the same court (Lisa J. Friederwitzer, J.) dated August 1, 2019.
ORDERED that the order dated February 3, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together. In an order dated March 16, 2015 (hereinafter the custody order), issued on consent, the Family Court, inter alia, awarded physical custody of the child to the mother, joint legal custody to both parents, and parental access to the father. In 2017, the father filed a petition to modify the custody order so as to award him sole legal and physical custody of the child, and the mother also filed a petition to modify that order. The court, among other things, denied the father's petition, and granted the mother's petition to the extent of, inter alia, conforming the parental access provisions of the custody order with the provisions of a temporary order of parental access dated August 1, 2019. The father appeals.
"The paramount concern in any custody dispute is the best interests of the child" (Matter of Ahmad v Rani, 185 AD3d 581, 582). "'Priority in custody disputes should usually be given to the parent who was first awarded custody by the court or to the parent who obtained custody by voluntary agreement'" (Matter of Kortright v Bhoorasingh, 137 AD3d 1037, 1037, quoting White [*2]v Mazzella-White, 84 AD3d 1068, 1069). "'Where possible, custody should be established on a long term basis, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian'" (Matter of Kortright v Bhoorasingh, 137 AD3d at 1037, quoting Jackson v Jackson, 31 AD3d 386, 386 [internal quotation marks omitted]). "Thus, '[w]hen . . . there is no indication that a change of custody will result in significantly enhancing the child's welfare, it is generally considered in the child's best interests not to disrupt his [or her] life'" (Matter of Ross v Ross, 96 AD3d 856, 857, quoting Matter of Salvati v Salvati, 221 AD2d 541, 543).
Contrary to the father's contentions, there was no showing of a change in circumstances such that modification is required to protect the best interests of the child. The child has resided with her mother her entire life, and there is no evidence that the mother is an unfit parent (see Matter of Lombardi v Valenti, 120 AD3d 817, 819; Matter of Ross v Ross, 96 AD3d at 858; Cervera v Bressler, 90 AD3d 803, 806).
The contentions of the father and the attorney for the child that the Family Court erred by failing to appoint an attorney for the child at the start of the hearing are without merit. "In a proceeding pursuant to Family Court Act article 6, the appointment of an attorney for a child is discretionary, not mandatory" (Matter of Jose v Guilford, 188 AD3d 1209, 1211, citing Family Ct Act § 249[a]). In any event, the court complied with the father's request to appoint an attorney for the child for the purpose of an in camera interview.
The parties' remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court