■ In the Matter of FRANK CANNELLA, Respondent, v MARGUERITE ANTHONY, Appellant. [4 NYS3d 533]—

Appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered February 8, 2013. The order, after a hearing, granted the father's petition to modify an order of custody so as to award him physical custody of the subject child and sole custody with respect to all issues relating to education.

Ordered that the order is affirmed, with costs.

The parties are the parents of two children who, at the time of this proceeding, were ages 17 and 14. By order dated October 21, 2011, the Family Court awarded the mother physical custody of the parties' children. In May 2012, the father commenced this proceeding seeking to modify the order dated October 21, 2011, by awarding him custody of the parties' son, age 14, based on a change of circumstances.

Modification of an existing custody order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Morocho v Jordan*, 123 AD3d 1037 [2014]). The court must consider the totality of the circumstances (*see id.*, *Matter of Graziani C.A. [Lisa A.]*, 117 AD3d 729 [2014]).

The Family Court's custody determination after a hearing is based largely upon an assessment of the parties' credibility with reference to their character, temperament, and sincerity, and should not be set aside unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Faunteleroy v Mercado*, 5 AD3d 482, 483 [2004]). Furthermore, in determining custody, while the express wishes of children are not controlling, they are entitled to great weight, especially where their age and maturity would make their input particularly meaningful (*see Matter of Samuel S. v Dayawathie R.*, 63 AD3d 746 [2009]; *Matter of Manfredo v Manfredo*, 53 AD3d 498, 500 [2008]; *Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]).

Here, there was evidence that the relationship between the mother and the 14-year-old child had deteriorated, and that the child wished to reside with the father. In addition, there was evidence that the child's school performance, including completion of homework, improved while he was with the father. Contrary to the mother's contention, the Family Court's determination awarding the father physical custody and sole custody with respect to all issues relating to education had a sound and substantial basis in the record (*see Matter of Manfredo v Manfredo*, 53 AD3d at 500). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.