In the Matter of NAZIMA GELFARB, Appellant, v REUVEN GELFARB, Respondent. [18 NYS3d 548]—Appeal from an order of the Family Court, Queens County (Francine Seiden, Ct. Atty. Ref.), dated August 26, 2014. The order, after a hearing, granted the father's petition for sole custody of the subject child and denied the mother's petition to enforce the custody provision in the parties' judgment of divorce.

Ordered that the order is affirmed, without costs or disbursements.

To modify an existing custody or visitation order, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Preciado v Ireland*, 125 AD3d 662 [2015]; *Matter of Holmes v Holmes*, 116 AD3d 955 [2014]). The best interests of the child must be determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). "Since weighing the factors relevant to any custody [or visitation] determination requires an evaluation of the credibility and sincerity of the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *see Matter of Preciado v Ireland*, 125 AD3d 662 [2015]).

Here, the mother had been awarded custody of the subject child in the parties' 2007 judgment of divorce. In 2011, the father filed a petition to modify that custody provision to award him sole custody. At a hearing, the parties testified that, since 2009, the child had been staying at the father's apartment three nights per week and every other weekend so that he could attend school several blocks away. The father established a change in circumstances since the time of the parties' judgment of divorce such that modification of the custody provision was in the best interests of the child. Accordingly, the Family Court providently exercised its discretion in awarding sole custody to the father (*see Matter of Diaz v Diaz*, 224 AD3d 614, 615 [1996]; *Matter of Moorehead v Moorehead*, 197 AD3d 517, 519 [1993]). Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.