■ In the Matter of Luis Pena, Respondent, v Matilde M. Lopez, Appellant. [34 NYS3d 115]—

Appeals from (1) an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated May 20, 2015, and (2) a "final" order of that court, also dated May 20, 2015. The order, after a hearing, granted sole custody of the parties' child to the father, with visitation to the mother. The "final"

order granted the father's petition to modify the custody provisions set forth in a stipulation of settlement dated May 6, 2009, which was incorporated but not merged into the parties' judgment of divorce, in accordance with the first order.

Ordered that the appeal from the first order dated May 20, 2015, is dismissed, without costs or disbursements, as it was superseded by the "final" order dated May 20, 2015; and it is further,

Ordered that the "final" order dated May 20, 2015, is affirmed, without costs or disbursements.

The parties entered into a stipulation of settlement in May 2009, which was incorporated but not merged into the judgment of divorce. The stipulation provided that the mother would have sole custody of the subject child, with visitation to the father. In June 2013, the father filed a petition to modify the custody provision of the stipulation of settlement so as to award him sole custody of the subject child. The Family Court granted the father's petition and the mother appeals.

Where modification of an existing custody order is sought, the petitioner must make a showing that there has been a change in circumstances such that modification is necessary to protect the best interests of the child (*see Matter of Gelfarb v Gelfarb*, 133 AD3d 598, 599 [2015]; *Matter of Yearwood v Yearwood*, 90 AD3d 771, 773 [2011]). In making such determination, "the court is to consider the totality of the circumstances" (*Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]; *see Matter of Gelfarb v Gelfarb*, 133 AD3d at 599; *Matter of Yearwood v Yearwood*, 90 AD3d at 773). As custody determinations largely depend upon the Family Court's "assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" (*Matter of McLennan v Gordon*, 122 AD3d 742, 742 [2014]; *see Matter of Cannella v Anthony*, 127 AD3d 745, 746 [2015]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916 [2007]), the Family Court's credibility findings should be accorded great weight and its custody determination not disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Cannella v Anthony*, 127 AD3d at 746; *Matter of McLennan v Gordon*, 122 AD3d at 742-743; *Matter of Bennett v Schultz*, 110 AD3d 792 [2013]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]; *Matter of Kozlowski v Mangialino*, 36 AD3d 916 [2007]).

Here, contrary to the mother's contention, the Family Court's determination that there had been a change in circumstances requiring a transfer of custody to the father to protect the best

interests of the child had a sound and substantial basis in the record and, therefore, will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Gelfarb v Gelfarb*, 133 AD3d at 599; *Matter of Cannella v Anthony*, 127 AD3d at 746). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.