■ In the Matter of CHERYL CHESS, Appellant, v AARON LICHTMAN, Respondent. [46 NYS3d 209]—

Appeal by the mother from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated October 16, 2015. The order, insofar as appealed from, without a hearing, granted the father's motion to dismiss the mother's petition to modify the custody provisions of stipulations of settlement, which were incorporated but not merged, into the parties' judgment of divorce, so as to award her sole custody of the parties' children.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the father's motion to dismiss the mother's petition is denied, and the matter is remitted to the Family Court, Westchester County, for further proceedings on the petition consistent herewith, before a different Judge.

The mother and the father were married and are the parents of four children, the oldest of whom is 16 years old and the youngest of whom is 10 years old. In March 2012, the parties entered into stipulations of settlement, which were incorpo-

rated but not merged, into a judgment of divorce. The stipulations provided that the mother would have physical custody of the parties' children, and that the parties would have joint legal custody. The mother was granted final decision-making authority, on the condition that she first consult with the father. The father's visitation included alternating weekend overnight visits.

In September 2013, upon the mother's motion, the Family Court suspended the father's visitation with the children, pending investigation of allegations that he had sexually abused the oldest child, who was then 13 years old. In January 2014, the Westchester Department of Social Services (hereinafter DSS) commenced a child protective proceeding pursuant to Family Court Act article 10, alleging that the father sexually abused the oldest child and derivatively abused and neglected the three younger children. The following month, the mother filed a petition to modify the custody provisions of the parties' stipulations of settlement, seeking sole custody of the children. Her petition alleged, as a change of circumstances, the pending proceeding based on allegations of sexual abuse, and that DSS had found the report of sexual abuse to be "indicated." The court held the mother's custody petition in abeyance pending the outcome of the article 10 proceeding.

In September 2014, over the objection of the attorney for the oldest child, the article 10 proceeding was resolved with an order adjourning the matter in contemplation of dismissal, under which the father was not required to admit to any wrongdoing and the Family Court made no findings of fact. The mother had not been permitted to participate in the article 10 proceeding, and the court did not allow the oldest child to provide in camera testimony in that proceeding. In March 2015, pursuant to the terms of the adjournment in contemplation of dismissal, the article 10 proceeding was "dismissed, with prejudice, in furtherance of justice." During the pendency of the article 10 proceeding, the court had gradually reinstated the father's visitation with the younger children, while visitation with the oldest child remained suspended. By April 2015, over the mother's objection and request for a full hearing, the court permitted the father to have unsupervised weekend visitation with the three younger children.

In May 2015, the father moved to dismiss the mother's modification petition. In the order appealed from, the Family Court granted the motion without holding a hearing on the petition. The mother appeals, and we reverse.

Custody provisions of a stipulation of settlement may be

modified when a change in circumstances has made modification necessary to ensure that the provisions serve the best interests of the child (*see* Family Ct Act § 652 [a]; *Matter of Pena v Lopez*, 140 AD3d 967, 968 [2016]; *Matter of Gelfarb v Gelfarb*, 133 AD3d 598, 599 [2015]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Blackman v Barge*, 145 AD3d 775 [2d Dept 2016]). A parent who seeks a modification is not automatically entitled to a hearing, but must make some evidentiary showing sufficient to warrant a hearing (*see Macchio v Macchio*, 120 AD3d 560, 560 [2014]; *Connor v Connor*, 104 AD3d 638, 639 [2013]).

Here, the mother established her entitlement to a hearing on the basis of changed circumstances. Specifically, the mother made a sufficient evidentiary showing in support of her allegations that the father sexually abused the oldest child and that, as a result of the ensuing litigation, the mother's relationship with the father had deteriorated to the point that they could no longer communicate, and the oldest child was no longer visiting with the father (*see Matter of Fargasch v Alves*, 116 AD3d 774, 775 [2014]; *Anonymous 2011-1 v Anonymous 2011-2*, 102 AD3d 640, 641-642 [2013]). Moreover, the "narrow exception" to the general requirement that a hearing be held is inapplicable in this case (*S.L. v J.R.*, 27 NY3d 558, 564 [2016]). The dismissal of the article 10 proceeding pursuant to an adjournment in contemplation of dismissal was not a dismissal on the merits and it did not resolve the allegations of sexual abuse (*see* Family Ct Act § 1039 [f]; *Matter of Selliah v Penamente*, 107 AD3d 1004, 1005 [2013]). Indeed, no evidentiary hearing was held in the article 10 proceeding, and the Family Court never made any findings of fact in that proceeding regarding the allegations of sexual abuse. In sum, the court should not have dismissed the mother's modification petition without a hearing (*see S.L. v J.R.*, 27 NY3d at 564).

Accordingly, we remit the matter to the Family Court, Westchester County, for a hearing on the mother's modification petition. In light of certain statements made by the court regarding the mother and the oldest child, we deem it appropriate that the hearing be held before a different Judge. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.