■ In the Matter of MIN YU, Appellant, v SONNY MEI, Respondent. [61 NYS3d 353]—Appeal by the mother from an order of the Family Court, Richmond County (Alison M. Hamanjian, Ct. Atty. Ref.), dated October 4, 2016. The order, after a hearing, dismissed, without prejudice, the mother's petition to modify a custody provision set forth in a stipulation of settlement executed by the parties.

Ordered that the order is affirmed, without costs or disbursements.

The parties are the divorced parents of one child. In October 2011, when the child was six years old, the parties entered into a stipulation of settlement, which was incorporated but not merged into their judgment of divorce. The stipulation provided, inter alia, that neither party could travel outside of the United States with the child without the other party's written consent.

In May 2016, the mother petitioned to modify the stipulation of settlement so as to allow her to travel abroad with the child without requiring the father's consent. The mother alleged that there had been a change in circumstances in that the child had gotten older and expressed a desire to travel. After a hearing, the Family Court dismissed the petition without prejudice on the ground that the mother had failed to prove a change in circumstances. The mother appeals.

"Custody provisions of a stipulation of settlement may be modified when a change in circumstances has made modification necessary to ensure that the provisions serve the best interests of the child" (*Matter of Chess v Lichtman*, 147 AD3d 754, 754-756 [2017]; *see* Family Ct Act § 652 [a]; *Matter of Pena v Lopez*, 140 AD3d 967 [2016]; *Matter of O'Connor v Klotz*, 124 AD3d 666 [2015]). "It is only when this threshold showing has been made that Family Court may proceed to undertake a best interest analysis" (*Matter of Meyer v Lerche*, 24 AD3d 976, 977 [2005]). Here, the mother failed to demonstrate that there had been a change in circumstances such that modification of the stipulation of settlement was required to protect the best interests of the child (*see Vollkommer v Vollkommer*, 101 AD3d 1108, 1109 [2012]; *Gallagher v Dalton*, 46 AD3d 746, 746-747 [2007]). Accordingly, the Family Court properly dismissed the mother's petition without prejudice. Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.