Matter of Christopher H. v Taiesha R. (2018 NY Slip Op 08093)





Matter of Christopher H. v Taiesha R.


2018 NY Slip Op 08093


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7724

[*1]In re Christopher H., Petitioner-Respondent,
v
Taiesha R., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the children.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about March 7, 2017, which granted the father's petition for modification of a May 8, 2014 visitation order to the extent of ordering that the mother have therapeutic parenting contact with subject children Mahogany H., Christopher H., Jr., and Skyearra H., unanimously affirmed, without costs.
Modification of custody and visitation must be based on the best interests of the child (Friederwitzer v Friederwitzer, 55 NY2d 89, 94 [1982]; Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). A court may modify a visitation or custody order based on a change of the parties' circumstances which makes modification necessary to ensure the best interests of the child (Matter of Pena v Lopez, 140 AD3d 967, 968 [2d Dept 2016]). Terms and conditions of visitation are matters entrusted to the sound discretion of the trial court, and, as the determination of such issues largely depends on the court's assessment of the credibility of the witnesses and the character, temperament and sincerity of the parties, such determinations should not be reversed unless they lack a sound and substantial basis in the record (id.; Matter of Gelfarb v Gelfarb, 133 AD3d 598 [2d Dept 2015]; Matter of McLennan v Gordon, 122 AD3d 742, 743 [2d Dept 2014]).
There was a sound and substantial basis in the record for the modification. The mother requested and agreed to the therapeutic visitation she now appeals. The transcript of proceedings, moreover, belies her claim that the record is silent as to the three subject children, as it shows the proceedings addressed the subject children in detail.
The court appropriately determined the neglect cases constituted a change of circumstances warranting modification. The mother consented to the findings of neglect against her, and the evidence supported the court's findings of neglect against the mother's boyfriend, Mr. Williams, as to Christopher, Jr., and its findings of derivative neglect as to Mahogany H. and Skyearra H.
The modification is in the children's best interests, and thus was properly ordered, as therapeutic intervention is needed here. (Matter of Lisa W. v John M., 142 AD3d 879, 880 [1st Dept 2016], lv denied 28 NY3d 912 [2017]; State of N.Y. ex rel.
Barbara D. v Francis D., 58 AD3d 436, 437 [1st Dept 2009], appeal dismissed 12 NY3d 872 [2009]),. Additionally, the mother consented to such therapy.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK