Matter of Chess v Lichtman (2019 NY Slip Op 05128)





Matter of Chess v Lichtman


2019 NY Slip Op 05128


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-10080
 (Docket Nos. V-12933-13/13A, V-12934-13/13A, V-12935-13/13A)

[*1]In the Matter of Cheryl Chess, appellant,
v
Aaron Lichtman, respondent.


The Penichet Firm, P.C., White Plains, NY (Jeanna M. Alberga of counsel), for appellant.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Andrew J. Turro of counsel), for respondent.
Jessica Bacal, Mt. Kisco, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated July 26, 2018. The order, upon an amended order of the same court dated June 8, 2018, granting the father's motion in limine to limit the scope of the fact-finding hearing to the extent of limiting the scope of the hearing to the parties' ability to share joint legal custody of the parties' three youngest children and the father's parental access with the three youngest children based upon changed circumstances since the parties' judgment of divorce, without a hearing, granted the father's motion to dismiss those branches of the mother's petition which were to modify the custody provisions of stipulations of settlement, which were incorporated but not merged into the parties' judgment of divorce, so as to award her sole custody of the parties' three youngest children and dismissed those branches of the mother's petition.
ORDERED that the order dated July 26, 2018, is reversed, on the law, with costs, the father's motion to dismiss those branches of the mother's modification petition relating to the parties' three youngest children is denied, those branches of the petition are reinstated, the father's motion in limine to limit the scope of the fact-finding hearing is denied, the amended order dated June 8, 2018, is modified accordingly, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.
The lengthy factual and procedural background of this case is more fully set forth in our decision and order on a prior appeal (see Matter of Chess v Lichtman, 147 AD3d 754), and will not be repeated here.
The mother and the father were married and are the parents of four children, ranging in age from 12 to 19 years old. As part of the parties' March 2012 stipulations of settlement, which [*2]were incorporated but not merged into their judgment of divorce, the mother was awarded physical custody of the children, with the parties having joint legal custody. The mother was awarded final decision-making authority, on the condition that she first consult with the father, and the father was awarded liberal parental access.
In February 2014, the mother filed a petition to modify the custody provisions of the parties' stipulations of settlement, seeking sole custody of the children. The petition alleged, as a change in circumstances, that the father had sexually abused the oldest child. The allegations of sexual abuse, which had been found to be indicated by the Westchester Department of Social Services (hereinafter DSS) (see Social Services Law § 412[7]), were also the subject of a child protective proceeding commenced by DSS pursuant to Family Court Act article 10. The Family Court held the mother's modification petition in abeyance pending the outcome of the article 10 proceeding.
In September 2014, the article 10 proceeding was resolved with an order adjourning the matter in contemplation of dismissal, under which the father was not required to admit to any wrongdoing and the Family Court made no findings of fact. The mother had not been permitted to participate in the article 10 proceeding, and the court did not allow the oldest child to provide in camera testimony in that proceeding. In March 2015, pursuant to the terms of the adjournment in contemplation of dismissal, the article 10 proceeding was "dismissed, with prejudice, in furtherance of justice."
Thereafter, in an order dated October 16, 2015, the Family Court, without a hearing, granted the father's motion to dismiss the mother's modification petition. The court determined, inter alia, that the mother "[did] not [make] an evidentiary showing sufficient to warrant a hearing." In a decision and order dated February 1, 2017, this Court reversed, denied the father's motion to dismiss the petition, and remitted the matter to the Family Court, Westchester County, for a hearing on the mother's modification petition, upon determining, inter alia, that the dismissal of the article 10 proceeding pursuant to an adjournment in contemplation of dismissal was not a dismissal on the merits and did not resolve the underlying allegations of sexual abuse (see id.).
After the case was remitted, the Family Court met with the oldest child in camera and issued an order dated June 7, 2017, granting that branch of the mother's petition which was for sole legal and physical custody of the oldest child and terminating the father's parental access with that child. The order dated June 7, 2017, did not resolve the remaining branches of the mother's petition regarding the three youngest children.
In light of the order dated June 7, 2017, the father moved in limine to limit the scope of the fact-finding hearing with respect to the three youngest children. Specifically, the father sought to preclude the oldest child from testifying as to the alleged incidents of sexual abuse, arguing that the oldest child was no longer part of the proceeding and the allegations of sexual abuse as to that child were irrelevant to the remaining issues before the court, which concerned only the custody of the parties' three youngest children. The Family Court granted the father's motion in limine to the extent of limiting the scope of the hearing to the parties' ability to share joint legal custody of the three youngest children and the father's parental access with the three youngest children based upon changed circumstances since the parties' judgment of divorce, and, in effect, precluded any testimony regarding the alleged sexual abuse.
When the parties next appeared in the Family Court for the fact-finding hearing, the mother advised the court that, based on its in limine ruling, her only witness was precluded from testifying and, accordingly, she was not able to go forward. The father then moved to dismiss the remaining branches of the mother's modification petition based on her failure to make out a prima facie case in the absence of any witnesses. In an order dated July 26, 2018, the court granted the father's motion to dismiss those branches of the mother's modification petition relating to the three youngest children on the ground that she failed to make out a prima facie case by failing to proceed with the hearing and dismissed those branches of the petition. The mother appeals.
A court may modify an order awarding custody and parental access upon a showing that there has been a subsequent change in circumstances and that modification is in the best interests of the children (see Matter of Mack v Kass, 115 AD3d 748, 748-749). The best interests of the children are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167).
Here, the allegations of sexual abuse with respect to the oldest child, if substantiated, would constitute a sufficient change in circumstances to warrant modification of the custody provisions of the stipulations of settlement (see Matter of Linda P. v Thomas P., 240 AD2d 583). Moreover, contrary to the father's contention, such evidence can also constitute relevant proof of impaired parental judgment, which would be relevant to the Family Court's evaluation of the best interests of the three youngest children (see Matter of Deatrus Amir D. [Astoria D.], 136 AD3d 900, 902). Thus, the fact that custody of the oldest child is no longer at issue in this proceeding does not, in and of itself, render irrelevant the unresolved allegations of sexual abuse.
Therefore, the Family Court's in limine ruling, which precluded the mother from presenting any evidence relating to the unresolved allegations of sexual abuse with respect to the oldest child, is inconsistent with this Court's prior directive (see Matter of Chess v Lichtman, 147 AD3d at 756), and the father's motion in limine should have been denied.
In light of our determination, those branches of the mother's modification petition relating to the three youngest children must be reinstated, and the matter remitted to the Family Court, Westchester County, for a hearing on those branches of the mother's modification petition, followed by a new determination thereof.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court